IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENFISH II, L.P.,<br>By and through its general partner<br>PURPLEFISH, LLC; | : <br> : <br> : |
| | : CIVIL ACTION |
| Roundstone Healthcare Partners III, LP,<br>Roundstone Healthcare Partners IV, LP,<br>Roundstone Healthcare Partners VI, LP,<br>Roundstone Healthcare Partners VII, LP,<br>Roundstone Healthcare Capital VIII, LP,<br>JGUN Hospital Receivables Resolution<br>Fund I, LP, and<br>Roundstone Healthcare Capital X, LP<br>By and through their general partner<br>ROUNDSTONE HEALTHCARE<br>PARTNERS, LLC; | : <br> : <br> : <br> : <br> : NO. 2:11-cv-07628 (MSG)<br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Roundstone Healthcare Capital V, LP,<br>By and through their general partner<br>ROUNDSTONE HEALTCARE CAPITAL<br>MANAGEMENT V, LLC; | : <br> : <br> : <br> : |
| Two Rivers Capital XI, LP<br>By and through their general partner<br>TWO RIVERS CAP MGMT, LLC; and | : <br> : <br> : <br> : |
| ROUNDSTONE HEALTHCARE<br>INVESTMENTS, LLC | : <br> : <br> : |
| Plaintiffs, | : |
| v. | : |
| INTERNATIONAL PORTFOLIO, INC.,<br>RICHARD SHUSTERMAN,<br>ROBERT FELDMAN<br>MICHAEL ZOLDAN,<br>DSP HOLDINGS, INC. d/b/a DEBT SALES<br>PARTNERS,<br>WILLIAM L. WEINER, ESQUIRE,<br>PETER J. TUCCI, ESQUIRE,<br>FOX ROTHSCHILD LLC,<br>DUANE MORRIS LLC,<br>GARY PERKISS, ESQUIRE,<br>JOHN DOES 1-10 and<br>JOHN DOE CORPORATIONS 1-10, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

{00256405;1}

## ORDER

**AND NOW,** this ___ day of _____, 2012, upon consideration of Defendant International Portfolio, Inc.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3) for improper venue, and any and all responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED** in its entirety.

                                                            **BY THE COURT:**


                                                            _____

                                                            **Goldberg, J.**

## <u>ALTERNATIVE ORDER</u>

**AND NOW,** this _____ day of _____, 2012, upon consideration of Defendant International Portfolio, Inc.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3) for improper venue, and any and all responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED in limited part,** and the Court hereby dismisses only Greenfish II, L.P., cause of action under Count III, Breach of Contract, for breach of the Greenfish Repurchase Agreements.  In all other respects, the Motion to Dismiss for Improper Venue is **DENIED**.

**BY THE COURT:**

_____

**Goldberg, J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENFISH II, L.P.,<br>By and through its general partner<br>PURPLEFISH, LLC; | :<br>:<br>: |
| | : CIVIL ACTION |
| Roundstone Healthcare Partners III, LP,<br>Roundstone Healthcare Partners IV, LP,<br>Roundstone Healthcare Partners VI, LP,<br>Roundstone Healthcare Partners VII, LP,<br>Roundstone Healthcare Capital VIII, LP,<br>JGUN Hospital Receivables Resolution<br>Fund I, LP, and<br>Roundstone Healthcare Capital X, LP<br>By and through their general partner<br>ROUNDSTONE HEALTHCARE<br>PARTNERS, LLC; | :<br>:<br>:<br>:<br>: NO. 2:11-cv-07628 (MSG)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Roundstone Healthcare Capital V, LP,<br>By and through their general partner<br>ROUNDSTONE HEALTCARE CAPITAL<br>MANAGEMENT V, LLC; | :<br>:<br>:<br>: |
| Two Rivers Capital XI, LP<br>By and through their general partner<br>TWO RIVERS CAP MGMT, LLC; and | :<br>:<br>:<br>: |
| ROUNDSTONE HEALTHCARE<br>INVESTMENTS, LLC<br>                         Plaintiffs,<br>          v. | :<br>:<br>:<br>: |
| INTERNATIONAL PORTFOLIO, INC.,<br>RICHARD SHUSTERMAN,<br>ROBERT FELDMAN<br>MICHAEL ZOLDAN,<br>DSP HOLDINGS, INC. d/b/a DEBT SALES<br>PARTNERS,<br>WILLIAM L. WEINER, ESQUIRE,<br>PETER J. TUCCI, ESQUIRE,<br>FOX ROTHSCHILD LLC,<br>DUANE MORRIS LLC,<br>GARY PERKISS, ESQUIRE,<br>JOHN DOES 1-10 and<br>JOHN DOE CORPORATIONS 1-10, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| | : |
|                         Defendants. | : |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT INTERNATIONAL PORTFOLIO INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(6) AND 12(b)(3) FOR IMPROPER VENUE**

Plaintiffs, Greenfish II, LP ("Greenfish"), Roundstone Healthcare Partners III, LP, Roundstone Healthcare Partners IV, LP, Roundstone Healthcare Partners VI, LP, Roundstone Healthcare Partners VII, LP, Roundstone Healthcare Capital VIII, LP, JGUN Hospital Receivables Resolution Fund I, LP, and Roundstone Healthcare Capital X, LP (collectively, the "Roundstone Funds"), Roundstone Healthcare Capital V, LP, Two Rivers Healthcare Capital XI, LP (the "TR Fund") and Roundstone Healthcare Investments, LLC (the Roundstone Funds, Roundstone Healthcare Capital V, LP,  the TR Fund, and Roundstone Healthcare Investments, LLC are collectively referred to hereinafter as "Roundstone") (Greenfish and Roundstone are collectively referred to hereinafter as "Plaintiffs"), by and through their attorneys, Silverang & Donohoe LLC, respectfully submit this Opposition to Defendant International Portfolio, Inc.'s ("IPI") Motion to Dismiss for improper venue.

## INTRODUCTION

IPI's Motion to Dismiss ("Motion") this entire case, including all ten counts asserted in the Complaint, only four of which are asserted against IPI, based upon agreements entered into between only one of eleven Plaintiffs and only one of at least ten named Defendants, is without merit and should be denied.   In its Motion, IPI weaves a patchwork of mischaracterizations of facts, misguided allegations of fact not contained in Plaintiffs' Complaint, and misapplied legal arguments in its vain attempt to minimize the massive fraud perpetrated by IPI's President, defendant Richard Shusterman ("Shusterman"), defendant Robert Feldman, a principal of IPI, and defendant Michael Zoldan, President of defendant DSP Holdings, Inc. (collectively, the "RICO Defendants"), with the assistance and participation of the remaining defendants

(collectively, the "Co-Defendants") (the RICO Defendants and Co-Defendants are collectively referred to as "Defendants") , upon Plaintiffs and other similarly situated purchasers of discounted portfolios of medical debt receivables ("Portfolios" or "Funds") that hospitals wrote off as bad debt expense and IPI sold to Plaintiffs based upon Defendants' deceptive representations and revenue projections. (Complaint ¶1).

IPI similarly mischaracterizes the importance– or lack thereof – of the Greenfish Repurchase Agreements, which are the only agreements containing a forum selection clause, to Plaintiffs' claims. Clearly, and critically, the fact that IPI breached Repurchase Agreements with Greenfish is neither central, nor essential, to Plaintiffs' claims of fraud, RICO, negligent and/or innocent misrepresentations, conversion, interference with contractual relations and/or unjust enrichment. To the contrary, Count III, Breach of Contract, is the only claim in Plaintiffs' Complaint in which the breach of Greenfish's Repurchase Agreements is even partially premised. *Compare*, Complaint ¶¶149(a)-(c) regarding breaches of the Repurchase Agreements to Complaint ¶¶149(d)-(n) regarding breaches of the Greenfish MPAs and Plaintiffs' Purchase and Sale Agreements.[1]

The gist of this action is the RICO Defendants' Fraudulent Scheme to induce Plaintiffs, and other similarly situated purchasers ("Primary Investors"), to enter into the initial Purchase and Sale Agreements, whereby IPI sold, and Plaintiffs purchased from IPI, Portfolios, and through which IPI obtained investment monies from Plaintiffs based upon the RICO Defendants' overstated value of the Portfolios to be sold to Plaintiffs. *See, e.g.*, Complaint ¶

---

[1] Indeed, IPI essentially concedes as much. *See* Motion at n. 1 and pg. 7-8 (referencing the "IPI agreements", rather than the defined term "Greenfish RA" (*i.e.*, the Greenfish Repurchase Agreements, which are the only agreements containing a forum selection clause) when references the "IPI agreements" and IPI states: "All of these claims arise from and are related to the ***IPI contractual relationships*** between the parties, and are controlled by the obligations in ***those contracts*.** " *Id.* at 8 (emphasis added).

¶1-6.    Any fully performed Repurchase Agreements merely were used as a vehicle through which IPI re-circulated Plaintiffs' investment monies and Portfolios to other Primary Investors to keep the Fraudulent Scheme alive.  *See, e.g.*, Complaint ¶5.  However, the means through which the RICO Defendants perpetrated their Fraudulent Scheme, and through which they obtained Plaintiffs' investment monies, was by fraudulently inducing Plaintiffs and other Primary Investors to enter into the Purchase and Sale Agreements, and not, as IPI misleadingly implies, through the Greenfish (or Roundstone) Repurchase Agreements.

Setting aside these critical factual misstatements, IPI's legal arguments are also insufficient to support its Motion.  Indeed, the claims pressed by Plaintiffs and the legal arguments proffered by IPI would best be analogized to two ships passing in the night, except IPI has totally missed the boat.  IPI's argument that the forum selection clause in the Greenfish Repurchase Agreements requires dismissal of this entire action, and applies to all claims asserted is premised on cases applying "broad and unconditional" forum selection clauses, but IPI does not cite a single case discussing clauses, like the one at issue here, which expressly limit the actions covered to the underlying agreement.  In its argument seeking to extend the forum selection clause beyond IPI and Greenfish to all non-signatory defendants, IPI asserts that Plaintiffs' causes of action arise out of their actions as alleged agents if IPI, but does not cite to a single allegation in Plaintiffs' Complaint linking any of the non-signatory defendants to Greenfish's assertion that IPI breached the Greenfish Repurchase Agreements.  IPI's argument that Plaintiff Roundstone should be bound by the forum selection clause contained only in the Greenfish Repurchase Agreements relies on law wholly inapplicable in these circumstances.

For all these reasons, as further discussed below, IPI's Motion should be denied.

## LEGAL ARGUMENT

**A. The Forum Selection Clause in the Greenfish Repurchase Agreements Does Not Authorize Dismissal of This Entire Action**

The forum selection clause contained only in the Greenfish Repurchase Agreements states:

> Governing Law/Choice of Forum:  This Agreement shall be construed, and the rights and obligations of Seller and Buyer hereunder determined, in accordance with the laws of the Commonwealth of Pennsylvania.  The parties agree that any legal actions between Buyer and Seller regarding the purchase of the Accounts hereunder shall be originated in a court of competent jurisdiction in the Commonwealth of Pennsylvania with venue in Montgomery County, Pennsylvania, and each party hereby consents to the jurisdiction of such court in connection with any action or proceeding initiated concerning this Agreement and agrees that service by mail to the address specified in Section 10.1 of this Agreement shall be sufficient to confer jurisdiction over such party in such court.  In the event of litigation under this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

Exhibit Q, section 10.8.

It is beyond dispute that *none* of Plaintiffs' Purchase and Sale Agreements contained a forum selection clause, and it is equally beyond dispute that *none* of Roundstone's Repurchase Agreements contained a forum selection clause.  *See, e.g.,* Exhibits D (Greenfish MPAs), M (Roundstone Purchase and Sale Agreements), and S (Roundstone/IPI Repurchase Agreement) to Complaint.[2]

It is likewise beyond dispute that the forum selection clause upon which IPI relies to dismiss *all* claims asserted by *all* Plaintiffs against *all* Defendants, by its very terms, affects

---

[2] This statement is based upon the documents that Plaintiffs' counsel has reviewed.  However, it is fair to assume that since the Movant is IPI, and IPI is a party to all of these agreements, that if any of the other agreements had a provision referring to either Montgomery County or any other county or location, that IPI's counsel would have brought this fact to the attention of the Court in its Motion.

only "legal actions *between Buyer and Seller*" – *i.e.*, IPI and Greenfish. *See* Exhibit Q at Section 10.8 (emphasis added).

Moreover, the forum selection clause upon which IPI relies to dismiss *all* claims asserted by *all* Plaintiffs against *all* Defendants, by its very terms, affects only "legal actions *between Buyer and Seller regarding the purchase of the Accounts hereunder*" – *i.e., IPI's (re)purchase* of Accounts from Greenfish as specified in the respective Greenfish Repurchase Agreements. *See id.* (emphasis added).

Accordingly, as more fully set forth herein, Plaintiffs respectfully submit that IPI's Motion should be denied in its entirety. Should this Court determine that the forum selection clause contained in the Greenfish Repurchase Agreements requires dismissal of claims covered thereunder, then only the sub-set of contract claims in Count III asserted by Greenfish against IPI, *i.e.* Buyer and Seller, concerning breaches of the Greenfish Repurchase Agreements, could possibly be subject to the forum selection clause.

## B. The Forum Selection Clause in the Greenfish Repurchase Agreements Is Not An Exclusive Venue Provision

First, in analyzing the forum selection clause contained in the Greenfish Repurchase Agreements, the Court must look to the language of the contract itself. *Integrated Health Resources v. Rossi Psychological Group*, 537 F. Supp.2d 672, 675 (D.N.J. 2008). "The plain language of the agreement guides our construction. ..." *Wall Street Aubrey Golf v. Aubrey*, 189 Fed. Appx. 82, 85 (3rd Cir. 2006). Therefore, IPI's reliance on decisions which contain different language different than that in the forum selection clause contained in the Greenfish Repurchase Agreements is misplaced.

The forum selection clause at issue here, unlike in any of the cases relied upon by IPI, states:

> The parties agree that any legal actions between the Buyer and Seller regarding the purchase of the Accounts hereunder shall *be originated in a court of competent jurisdiction in the Commonwealth of Pennsylvania* with venue in Montgomery County, Pennsylvania, and each party hereby consents to the jurisdiction of such court in connection with any action or proceeding initiated concerning this Agreement.

*See,* Exhibit Q, Section 10.8 of the Complaint (emphasis added).  IPI's contention that the clause at issue is mandatory and provides for "*exclusive* venue" for all claims covered in state court in Montgomery County, Pennsylvania, Motion at 10 (emphasis added), ignores its own language, which, at best, provides for venue in Montgomery County only as to the *origination* of a covered legal action.  As such, the clause cannot be said to prohibit actions in federal court and/or removal of the claims covered thereby.

In the instant case, the forum selection clause at issue is not mandatory, and does not require any action under the Greenfish Repurchase Agreements to be tried only in the Court of Common Pleas of Montgomery County.  Clauses prohibiting litigation in federal court "must provide unambiguously that all litigation arising under the subject contract is to be conducted in a specific state court before [they] will be enforced." *Amati Environmental Enterprises, Inc. v. Westchester Fire Insurance Co.*, 2009 WL 51282, *3 (W.D. Pa. 2009) (citing and quoting *Submersible Sys. Tech., Inc. v. 21st Cent. Film Corp., In*c., 767 F. Supp. 266, 267-68 (S.D. Fla. 1991)).  Here, there is no unequivocal agreement to submit only to the jurisdiction of the Montgomery County *Court of Common Pleas*.  *Accord, Amati,* 2009 WL 51282, *3 (quoting *Rochester Comm. Sch. Corp. v. Honeywell, Inc.*, 2007 WL 2473464, *7 (N.D. Ind. 2007) ("While a forum selection clause may constitute a waiver of a [party's] right to remove an action to federal court, any such waiver must be "clear and specific" … to head off disputes over where the forum selection clause directs that suit be brought.")).

In *Relm Wireless Corporation v. C.P. Allstar Corporation*, 265 F. Supp.2d 523, 524 (E.D. Pa. 2003), the forum selection clause at issue stated: "This agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania with venue in Chester County." There, Judge Pollak acknowledged that "the venue selection clause does not, on its face, mandate that suit be brought in state court." *Id.* The forum selection clause at issue here raises ambiguities not present in the clause at issue in *Relm,* as it states that covered legal actions "shall be originated in a court of competent jurisdiction in the Commonwealth of Pennsylvania with venue in Montgomery County, Pennsylvania." While Judge Pollak determined that a lawsuit filed in federal court in Philadelphia did not have venue in Chester County, *id.,* this Honorable Court is not bound by that determination where, as here, the language in the *Relm* forum selection clause differs from the language in the clause at issue in the instant matter. Further, to the extent there is any ambiguity as to the intent of the forum selection clause at issue, such ambiguity should be construed against the drafter, IPI. *Clairton Slag, Inc. v. Dept. of General Services,* 2 A.3d 765, 773 (Pa. Cmwlth. 2010). Here, the forum selection clause could be interpreted to required an action commenced in Federal Court (as opposed to State Court), be filed in the Federal Court which encompassed Montgomery County.

The forum selection clause at issue in *Aubrey, supra,* also differed materially from the clause in the Greenfish Repurchase Agreements as the former clause stated "with venue ***laid in*** Butler County, Pennsylvania," (emphasis added), a clearer designation of venue than appears in the Greenfish Repurchase Agreements. Similarly, in the other opinion on which IPI relies, *Thomas-Brady v. Liberty Mut. Fire Ins. Co.*, 2100 WL 6150643 (E.D. Pa. 2011), Your Honor was presented with a completely disparate forum selection clause than the one at issue here,

which unambiguously required suits against Liberty Mutual to be brought in the "county and state of [Plaintiff's] legal domicile at the time of [her] accident."

Notwithstanding the above, should this Court determine that the forum selection clause in the Greenfish Repurchase Agreements requires that Greenfish's contract claims against IPI regarding the purchase of Accounts thereunder, if any, must "originate" in a court of competent jurisdiction in the Commonwealth of Pennsylvania with venue in Montgomery County, and that such clause is specific enough (an unambiguous enough) to restrict the filing of the initial Complaint to the Court of Common Pleas of Montgomery County, then the Court's dismissal must be limited to only the sub-set of contract claims in Count III by Greenfish against IPI under the Greenfish Repurchase Agreements, *i.e.*, Complaint ¶¶149(a)-(c).

## C. The Forum Selection Clause in the Greenfish Repurchase Agreements Explicitly Limits its Applicability to Actions Regarding the Purchase of the Accounts In the Repurchase Agreements

Again, IPI relies upon cases in which the forum selection clauses at issue are vastly dissimilar from the clause at issue here in its unavailing effort to persuade this Court to dismiss this entire action.  The cases cited by IPI concern "broad and unconditional" forum selection clauses which, unlike the clause in the Greenfish Repurchase Agreements, "do[ ] not expressly limit the actions covered to breach of contract." Motion at 13.  For example, in *Oak Systems, Inc. v. Francotyp-Postalia, Inc.*, 2002 WL 442104 (E.D. Pa. 2002), the forum selection clause referred to "any action" and did not, as does the clause at issue here, "explicitly limit the actions to ones arising 'under or in connection with' the contract." *Id.* at *2 (citing and quoting *Brock v. Entre Computer Centers, Inc.*, 740 F.Supp. 428 (E.D. Tex. 1990)).

Plaintiffs have no dispute with the finding in *Hope Cancer Treatment Foundation, Inc. v. Mountaineer Park, Inc.,* 2007 WL 184820 (W.D. Pa. 2007), that: "Absent limiting language …

broad, unconditional forum selection clauses … apply to all claims, whether they be based in tort or contract, and shall be enforced."   However, IPI continues to ignore or attempt to gloss over the fact that the forum selection clause in the Greenfish Repurchase Agreements contains such limiting language, which defeats its argument.   Where, as here, the forum selection clause is restricted to claims "regarding the purchase of the Accounts hereunder", the cases upon which IPI relies are wholly inapposite.[3]

Nor is IPI's alternative argument, that all claims asserted in this action "involve allegations arising out of the [Greenfish Repurchase A]greement[s] which implicate [their] terms," availing.  None of the claims asserted in the instant matter, with the possible exception of the sub-set of allegations in Count III asserted by Greenfish against IPI concerning breaches of the Greenfish Repurchase Agreements, *i.e.*, Complaint ¶¶149(a)-(c), "involve allegations arising out of [any of] the [Greenfish Repurchase A]greement[s, nor] implicating [their] terms." *Crescent Intern., Inc. v. Avatar Communities, Inc.,* 857 F.2d 943, 944 (3rd Cir. 1988). To the contrary, much like in *Jiffy Lube Int'l v. Jiffy Lube,* 848 F.Supp. 569, 576 (E.D. Pa. 1994), the forum selection clause at issue here will not be binding on any claims that fall outside of the scope of the clause.

In *Jiffy Lube*, the Court enforced a choice of law provision that was by its terms narrowly restricted in its application to the parties' Asset Transfer Agreement.  Because of the narrow restriction, the court determined that tort claims required a separate choice of law analysis.  As that Court explained, "[c]ontractual choice of law provisions, however, do not

---

[3] That the scope of the forum selection clause in the Greenfish Repurchase Agreements is limited to actions concerning those Agreements is further evidenced by additional language in the clause stating: "each party hereby consents to the jurisdiction of such court in connection with any action or proceeding initiated *concerning this Agreement*." Exhibit Q, section 10.8 (emphasis added).

govern tort claims between contracting parties unless the fair import of the provision embraces all aspects of the legal relationship." *Id.* at 576.  The provision in *Jiffy Lube*, like the provision at issue here, "is limited on its face to "this agreement.'" *Id.*[4]

The claims asserted in the instant action do not "arise out of the contractual relation [arising from the Greenfish Repurchase Agreements] and implicate the [Greenfish Repurchase] contract's terms."  *Crecent,* 857 F.2d at 944-45.  The fraud claims asserted herein are not grounded in the Greenfish Repurchase Agreements, and the duties alleged to be breached are not created therein.  Moreover, this Court does not have any need to interpret the Greenfish Repurchase Agreements in order to adjudicate any, let alone all of the claims asserted herein, as IPI argues, with the sole exception being only the sub-set of contract claims in Count III asserted by Greenfish against IPI , *i.e.*, Buyer and Seller, concerning breaches of the Greenfish Repurchase Agreements.

IPI further mischaracterizes the allegations regarding the Greenfish Repurchase Agreements, and misconstrues the importance – or lack thereof – of the Greenfish Repurchase Agreements, which are the only agreements containing a forum selection clause, to Plaintiffs' claims.  Clearly, and critically, the fact that IPI breached Repurchase Agreements with Greenfish is neither central, nor essential, to Plaintiffs' claims of fraud, RICO, negligent and/or innocent misrepresentations, conversion, interference with contractual relations and/or unjust enrichment.  To the contrary, the gist of this action is the RICO Defendants' Fraudulent Scheme to induce Plaintiffs, and other Primary Investors, to enter into the initial Purchase and Sale Agreements, whereby IPI sold, and Plaintiffs purchased from IPI, Portfolios, and through

---

[4] The *Jiffy Lube* case involved interpretation of the scope of a choice of law provision, but its reasoning was considered in *Hope Cancer Treatment*, a case involving interpretation of the scope of a forum selection clause. *Hope Cancer Treatment*, 2007 WL 184820, *2.

which IPI obtained investment monies from Plaintiffs based upon the RICO Defendants' overstated value of the Portfolios to be sold to Plaintiffs. *See, e.g.*, Complaint ¶¶1-6.   As such, the narrow forum selection provision governing only actions between Greenfish and IPI regarding IPI's "purchase of the Accounts" referenced in those Agreements is wholly insufficient to encompass the contracting parties' tort claims, let alone the claims asserted against non-signatory defendants and/or the claims asserted by the other plaintiffs, who also are not signatories to a contract containing a forum selection clause. *See, e.g., Industrial Electronics Corp. of Wisconsin v. iPower Distribution Group, Inc.,* 215 GF.3d 677, 681 (7th Cir. 2000) ("here the fraud was not in the creation of the [repurchase] agreement[s], but in the creation of … entirely separate contract[s].   A dispute that arises under one agreement may be litigated notwithstanding a mandatory arbitration clause in a second agreement, even where the two agreements are closely intertwined.").

### D. The Forum Selection Clauses in the Greenfish Repurchase Agreements Applies Only to IPI

IPI, by its Motion, seeks not only to dismiss ***all*** the claims asserted herein based upon its narrow forum selection clause, which governs only claims regarding IPI's "purchase of  the Accounts" specified in the Greenfish Repurchase Agreements, but also to dismiss claims asserted against each and every one of the other defendants, none of whom are signatories to the Greenfish Repurchase Agreements, and which claims neither arise out of the Greenfish Repurchase Agreements, nor implicate the terms thereof.   No one, other than Greenfish and IPI, could be bound by the forum selection clause "under traditional principles of contract and agency law," *E.I. DuPont  de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.,* 269 F.3d 187, 195 (3rd Cir. 2001), or otherwise.

Although IPI relies upon *DuPont* in arguing that the forum selection clause at issue here should bind all the other defendants based on agency law, the *DuPont* Court held that the non-signatory corporation could not be compelled to arbitrate based upon such a theory because non-signatories must "show that the claims against them are "intimately founded in and intertwined with" the underlying obligations of the contract to which they were not a party." *Id.* at 199. Here, neither IPI, nor the non-signatory defendants, have shown that the claims asserted against the non-signatory defendants are "intimately founded in or intertwined with" the obligations of the Greenfish Repurchase Agreements.  Furthermore, it cannot be shown that the claims asserted against the non-signatory defendants are "intimately founded in or intertwined with" the obligations of the Greenfish Repurchase Agreements where, as here, "[P]laintiffs would have an independent right to recover against the non-signatory defendants even if the contract containing the [forum selection] clause were void." *Devon Robotics v. Deviedma*, 2009 WL 4362822, *5 (E.D. Pa. 2009).  Moreover, as explained by the Third Circuit in *Coastal Steel Corp. v. Tilghman Whellabrator Ltd.*, 709 F.2d 190, 203 (3rd Cir. 1983), *cert. denied*, 464 U.S. 938 (1983), upon which IPI also erroneously relies, a forum selection clause applies to a non-signatory defendant only when "the pleadings do not allege that the conduct of that [non-signatory] defendant caused a harm separate and apart from that allegedly caused by a signatory."  Here, Plaintiffs' Complaint clearly alleges harm caused by the non-signatory defendants separate and apart from the discrete harm caused Greenfish as a result of  IPI's breaches of the Greenfish Repurchase Agreements.

IPI's reliance on *Prisker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110 (3rd Cir. 1993), is similarly misplaced.   In *Prisker*, the Court determined that plaintiffs-trustees were bound to arbitrate their claims against not just Merrill Lynch, a signatory to a binding arbitration

agreement, but also against the broker and another entity, neither of which were signatories to the contract containing the arbitration provision.  However, and markedly distinct from the facts at issue here, the *Prisker* plaintiffs alleged that the dispute in that case flowed directly from the broker's unauthorized purchases.  *Id.* at 1111.  Further, as noted by the Court in *Letizia v. Prudential Bache Securities,* 802 F.2d 1185, 1187–88 (9th Cir.1986), brokers and employees were integral to, if not directly responsible for, the alleged statutory violations of the principal corporation.  Indeed, "[a]ll of the individual defendants' allegedly wrongful acts related to their handling of Letizia's securities account.... We conclude that the arbitration clause is applicable to [claims against the broker and his supervisor]." *Id.* at 1188.

In the instant matter, to the contrary, Plaintiffs' breach of contract claim is not asserted against any defendant other than IPI.  Complaint,  Count III.  Significantly, IPI points to no allegations to indicate that any of the other Defendants' wrongful actions "flow directly from" IPI's breaches of the Greenfish Repurchase Agreements.  Nor does IPI rely upon a single allegation in Plaintiffs' Complaint to support its misplaced contention that Greenfish's cause of action against IPI for breaches of the Greenfish Repurchase Agreements "arise out of the[ ] actions [of the] alleged agent of IPI.  Motion at 19.  Finally, with respect to IPI's "agency" contention, although it possibly could apply to Defendant Shusterman, and perhaps Defendant Feldman, at best, applying the forum selection clause in the Greenfish Repurchase Agreements to Defendants Shusterman and Feldman is inconsequential given that the forum selection clause covers only actions regarding IPI's purchase of the Accounts referenced in the Greenfish Repurchase Agreements, and further, Greenfish's breach of contract claim concerning the Greenfish Repurchase Agreements is asserted solely against IPI.  Thus, under the facts of this

case, the applicable law makes clear that the forum selection clause in the Greenfish Repurchase Agreements applies only to IPI, and does not apply to any of the other Defendants.

**E. The Forum Selection Clause In the Greenfish Repurchase Agreements Does Not Apply to Roundstone**

IPI defies reason and logic in making its argument that Plaintiff Roundstone should be bound by a forum selection clause contained only in Plaintiff Greenfish's Repurchase Agreements. First, and foremost, if IPI wanted to bind Roundstone to a forum selection clause, it could have, and should have, included such a clause in its Repurchase Agreement(s) with Roundstone. *See, e.g., Universal Grading Service v. eBay, Inc.*, 2009 WL 2029796, *15 (E.D.N.Y. 2009), a case which IPI inexplicably cites in support of its argument that Roundstone should be bound by the forum selection clause of which is it not a signatory, wherein the Court specifically held that two plaintiffs who did not enter into a contract containing a forum selection clause were ***not*** bound by such clause.

IPI bases its feeble attempt to bind Roundstone to the forum selection clause in the Greenfish Repurchase Agreements upon the fact that Roundstone asserts the same causes of action as Greenfish. From this singularly insignificant fact, IPI makes a quantum leap to disingenuously contend that "the claims made by Roundstone are "integrally related" to the claims made by Greenfish, and they "rest on the same facts." Motion at 21. Notably, IPI fails to mention that the "facts" alleged in Plaintiffs' Complaint are segregated into facts relevant to Greenfish's claims, on the one hand (Complaint, A. Greenfish ¶¶47-61,77-88), and facts relevant to Roundstone's claims, on the other hand. Complaint, B. Roundstone and TR Funds ¶¶62-76,89-96. Even a cursory reading of Plaintiffs' Complaint makes clear that Roundstone and Greenfish's claims do not "rest on the same facts."

{00256603;1}                                          15

Finally, all of the cases cited by IPI are wholly inapposite to bind Roundstone to the forum selection clause in the Greenfish Repurchase Agreements.  For example, Roundstone is not married to Greenfish, as was the case binding a non-signatory in *Beck v. CIT Group/Credit Finance, Inc.,* 1995 WL 394067 (E.D. Pa. 1995).  Nor should Roundstone be bound to the forum selection clause in the Greenfish Repurchase Agreements based upon *In Environmental Tectonics Corp. v. Royal Thai Air Force,* 1994 WL 82002 (E.D. Pa. 1994), since Roundsotne's claims do not relate to the same contract and same transaction underlying Greenfish's claims.  In *Lipcon v. Underwrites at Lloyd's, London,* 148 F.3d 1285 (11th Cir. 1998), the wives of investors/signatories were held bound by a clause because they signed letters of credit to provide the collateral interests of their spouses; thus, their claims were completely derivative.  Such is clearly not the case here with respect to Roundstone and Greenfish's claims against all of the Defendants.  *PGT Trucking, Inc. v. Lyman,* 2011 WL 2462490 (W.D. Pa. 2011), also lends no support to IPI's position, as the Court in that case bound a non-signatory which was the alter-ego of the individual defendant signatory.  Even IPI has not argued (yet) that Roundstone is the alter-ego of Greenfish, and should be bound by the forum selection clause on that basis.   In *Drucker's, Inc. v. Pioneer Electronics (USA), Inc.,* 1993 WL 431162 (D.N.J. 1993), the Court bound the non-signatory plaintiff   to a forum selection clause because he was the sole shareholder of signatory plaintiff corporation and personally guaranteed a note which, according to both the non-signatory and signatory plaintiffs, was defaulted on as a result of defendants' wrongful conduct.  *Id.* at *7-8.

There is absolutely no basis provided by IPI, nor any that could be provided by IPI, to bind Roundstone, entities wholly unrelated to Greenfish, to the forum selection clause contained in Greenfish's Repurchase Agreements.  These Plaintiffs assert their causes of action against

Defendants in the same Complaint because their injuries, while based upon their respective facts, result from the same underlying Fraudulent Scheme. However, unlike the circumstances in the cases upon which IPI relies, and contrary to IPI's assertions, Greenfish and Roundstone's claims are not based upon the "same contracts." Motion at 22. Plaintiffs entered into their own separate Purchase and Sale Agreements with IPI, and entered into their own separate Repurchase Agreements with IPI. Only the Greenfish Repurchase Agreements contain a forum selection clause, and only a discrete sub-set of allegations in Plaintiffs' Complaint, asserted by Greenfish against IPI in Count III, rest upon the contractual relation arising from the Greenfish Repurchase Agreements. Clearly, Roundstone is not an agent of Greenfish, nor vice versa, with respect to the Greenfish Repurchase Agreements, or otherwise. *Contra, Bonney v. The Society of Lloyds,* 3 F.3d 156, 162 (7th Cir. 1993).

IPI failed to include a forum selection clause in any of its agreements with Roundstone. Accordingly, IPI cannot obtain from this Court that which it failed to do for itself. The forum selection clause in the Greenfish Repurchase Agreements clearly limits its scope to actions between IPI and Greenfish, and only to actions between IPI and Greenfish regarding IPI's purchase of Accounts referenced in the Greenfish Repurchase Agreements. There are no facts in this case, and no law upon which IPI can rely, to bind Roundstone to the terms of the forum selection clause contained only in the Greenfish Repurchase Agreements.

**F. The Court Should Not Dismiss Any Claims Not Covered By the Forum Selection Clause In the Greenfish Repurchase Agreements Pursuant to *Forum No Conveniens***

Clearly, the parties do dispute the scope of the forum selection clause in the Greenfish Repurchase Agreements. IPI continues to ignore the beyond-dispute fact that the forum selection clause at issue here contains limiting language. The clause is specifically limited to actions

between Greenfish and IPI, and is further limited to actions regarding IPI's purchase of Accounts referenced in the Greeenfish Repurchase Agreements. IPI has failed to present any facts asserted in Plaintiffs' Complaint, or any legal precedent, to bind Roundstone to the forum selection clause that is contained in Greenfish's Repurchase Agreements, and that is not contained in Roundstone's Repurchase Agreements, or in any other agreements between Plaintiffs, or any of them, and IPI. Similarly, Plaintiffs' other claims are neither "intimately founded in, [n]or intertwined with" the obligations of the Greenfish Repurchase Agreements. Accordingly, Plaintiffs' other claims against IPI and the other Defendants are not covered by the limited forum selection clause contained only in the Greenfish Repurchase Agreements.

Moreover, the fact that IPI breached Repurchase Agreements with Greenfish is neither central, nor essential, to Plaintiffs' claims of fraud, RICO, negligent and/or innocent misrepresentations, conversion, interference with contractual relations and/or unjust enrichment asserted against any of the defendants. To the contrary, Count III, breach of Contract, is the only claim in Plaintiffs' Complaint in which breaches of the Greenfish's Repurchase Agreements is even partially premised, and even there, the majority of the breaches enumerated concern IPI's obligations arising under the Greenfish MPAs and Plaintiffs' Purchase and Sale Agreements with IPI. Thus, this Court should not dismiss any claims made by Greenfish except, at most, Greenfish's claims against IPI regarding IPI's breaches of the Greenfish Repurchase Agreements, *i.e.,* Complaint ¶¶149(a)-(c).

IPI cannot credibly argue that refusal to dismiss any other claims would result in the parties "litigating the *same* claims in two different fora." Motion at 24 (emphasis added). Rather, should this Court dismiss Greenfish's claims against IPI concerning IPI's breaches of the Greenfish Repurchase Agreements, and should Greenfish thereafter pursue such claims in

the Court of Common Pleas of Montgomery County, there would be no overlap in discovery, pretrial motions or trial between that action and the instant action.  The Greenfish claims related to IPI's breaches of the Greenfish Repurchase Agreements, as alleged in the Complaint at ¶¶149(a)-(c), relate solely to IPI's obligations under those Agreements, and are entirely independent of Plaintiffs' RICO and other claims asserted in this action.

### G.  Dismissal of the Entire Action Would Contravene The Limited Scope of the Forum Selection Clause and Private and Public Interests

The limited scope of the forum selection clause precludes dismissal of this entire action.  Further, even where another forum is adequate and available to adjudicate the parties' case, the court still must "determine whether private and public interests decidedly weight in favor of dismissal." *D'Elia v. Grand Caribbean Company, Ltd.*, 2010 WL 1372027,*6 (D.N.J. 2010) (citing *Lacey v. Cessna Sircraft Co.*, 932 F.2d 170, 180 (3rd Cir. 1991)).  Among the public interests noted by the *D'Elia* Court are "the administrative difficulties flowing from court congestion." *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Plaintiffs are eager and anxious to have their claims heard and finally determined as swiftly as possible and believe this Court is well-suited to accomplish this result.  Although Defendants may not share that desire, the administrative difficulties flowing from court congestion in the Court of Common Pleas in Montgomery County weigh against dismissal.  Private interests to be considered likewise do not weigh in favor of dismissal where, as here, the fora at issue are "less than twenty miles" from one another.  Motion at 25. *See, e.g., id.* at 7.  Thus, IPI has failed to carry its burden to justify dismissal of Plaintiffs' entire case in their chosen forum. *Bhatnagar by Bhatnagar v. Surrenhda Overseas*, 52 F.3d 1220, 1226 (3rd Cir. 1995).

Where, as here, a forum selection clause applies to only a portion of a claim and that portion of a claim is discrete and separate from the remaining claims and, further, where, as here, neither Plaintiff Roundstone, nor any of the Defendants other than IPI, are indispensable or even named parties to the portion of the claim to which the forum selection clause arguably applies, the Court should not dismiss the entire action. *Accord, Array Healthcare Facilities Solutions, Inc. v. Pesce*, 2006 WL 5649856 (Pa. Com. Pl. 2006) (entire action should not be transferred where arbitration clause not applicable to all claims). *Cf., Bonny*, 3 F.3d at 162-163.

## CONCLUSION

For any and all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant IPI's Motion in its entirety. Alternatively, Plaintiffs respectfully request, should this Court determine that the forum selection clause contained in the Greenfish Repurchase Agreements requires dismissal of all claims covered thereunder, that this Court only dismiss the sub-set of assertions in Count III concerning breaches of Repurchase Agreements, *i.e.,* Complaint ¶¶149(a)-(c), and only as asserted by Greenfish against IPI.

Respectfully Submitted,

SILVERANG & DONAHOE LLC

By: _____
Mark S. Haltzman, Esquire
Attorney ID# 38957
595 East Lancaster Avenue, Ste. 203
St. Davids, PA  19087
(610) 263-0131
mhaltzman@sanddlawyers.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth below, I served a true and correct copy of the foregoing  Plaintiffs' Memorandum in Opposition to Defendant International Portfolio Inc.'s Motion to Dismiss Pursuant To Rules 12(B)(6) and 12(B)(3) for Improper Venue, on the following via electronic mail:

Paul R. Rosen, Esquire
Andrew J. DeFalco, Esquire
**SPECTOR GADON & ROSEN, PC**
1635 Market Street, 7th Floor
Philadelphia PA 19103
rosen@lawsgr.com
adefalco@lawsgr.com
*Attorneys for Defendants,*
*IPI and Richard Shusterman*

Henry E. Hockeimer, Jr., Esquire
Paul Lantieri, III, Esquire
**BALLARD SPAHR, LLP**
1735 Market Street, 51st Floor
Philadelphia PA  19103
hockeimerh@ballardspahr.com
lantierip@ballardspahr.com
*Attorneys for Defendant, Robert*
*Feldman*

Joseph C. Crawford, Esquire
Peter M. Smith, Esquire
**PEPPER HAMILTON, LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
crawfordjc@pepperlaw.com
smithpm@pepperlaw.com
*Attorneys for Defendants,*
*Duane Morris,  LLP and*
*William Weiner, Esquire*

Michael L. Kichline, Esquire
Robert C. Heim, Esquire
Sabrina L. Reliford, Esquire
**DECHERT, LLP**
2929 Arch Street
Philadelphia, PA  19104
michael.kichline@dechert.com
robert.heim@dechert.com
sabrina.reliford@dechert.com
*Attorneys for Defendants,*
*Peter J. Tucci, Esquire and*
*Fox Rothschild LLC*

Jeffrey B. McCarron, Esquire
**SWARTZ CAMPBELL, LLC**
Two Liberty Place
50 S. 16th Street, 28th Floor
Philadelphia, PA  19102
Jmccarron@swartzcampbell.com
*Attorney for Defendant,*
*Gary M. Perkiss, Esquire*

**On the following via U.S. First Class Mail:**

Michael Zoldan                 DSP Holdings, Inc.,
3 Munroe Falls Avenue          d/b/a Debt Sales Partners
Munroe Falls, OH  44262        **c/o U-B Corporation**
                               1660 W. 2nd Street, Suite 1100
                               Cleveland, OH  44113-1448


**SILVERANG & DONAHOE, LLC**

By: _____
    Mark S. Haltzman, Esquire
    Attorney ID# 38957
    595 East Lancaster Avenue, Ste. 203
    St. Davids, PA  19087
    (610) 263-0131
    mhaltzman@sanddlawyers.com
    *Attorney for Plaintiffs*

{00256603;1}                        22