## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREENFISH, II. L.P., et al.,** | **: CIVIL ACTION** |
| **Plaintiffs** | |
| **vs.** | **: NO. 2:11-cv-07628 (MSG)** |
| | |
| **INTERNATIONAL PORTFOLIO,** | **:** |
| **INC.; *et al.*** | |
| **Defendants** | **:** |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULES 12 (b) (6) AND 12 (b) (3) OF DEFENDANT INTERNATIONAL PORTFOLIO, INC.

Defendant, International Portfolio, Inc. ("IPI"), respectfully submits the following

Reply Memorandum in support of its Motion to Dismiss.

## I.      PLAINTIFFS' ARGUMENT THAT THE FORUM SELECTION CLAUSES ARE "PERMISSIVE" IS MERITLESS

To try to wiggle out of the language of the forum selection clauses in the

Greenfish RA's, Plaintiffs employ sophistry that would embarrass even Plato! Plaintiffs

argue that the forum selection clause in the Greenfish RA's, stating "[t]he parties agree

that any legal actions between Buyer and Seller regarding the purchase of the Accounts

hereunder shall be originated in a court of competent jurisdiction in the Commonwealth

of Pennsylvania with venue in Montgomery County, Pennsylvania," is ambiguous

because of the word "originated." Plaintiffs argue that due to the alleged ambiguity of

the word "originated," the clause "cannot be said to prohibit actions in federal court ...".

However, no court has ever found the word "originate" to be ambiguous. The

word "'originate' is defined in relevant part as ' to give origin or rise to[.]' The relevant

definition of "origin" is 'the first stage of existence; beginning.'" Jackson Drain Com'r v.

Village of Stockbridge, 717 N.W.2d 391 (Mich.App. 2006) (citing Random House

Webster's College Dictionary (2001)). In a contract setting, the word "originate" is self-explanatory, and "needs no explanation." Sipco LLC v. Toro Co., No. 08–0505, 2009 WL 330969, at *9 (E.D.Pa. Feb. 11, 2009). Accordingly, where a forum selection clause states that a case must "originate in" a particular state venue, that phrase "operates to exclude federal courts," and mandates that the lawsuit "be adjudicated by ... state courts." Unistaff, Inc. v. Koosharem Corp., 667 F.Supp.2d 616, 621 (E.D.Va. 2009).

The Plaintiffs' attempt to distinguish Judge Pollak's holding in Relm Wireless Corp. v. C.P. Allstar Corp., 265 F.Supp.2d 523 (E.D.Pa. 2003), based upon the word "originated," is just as fatuous. In Relm, Judge Pollak interpreted the phrase "with venue in Chester County" to mean a **courthouse located in Chester County**;[1] because there was no federal courthouse in Chester County, the case could not be brought there. In this case, the forum selection clauses for Roundstone and Greenfish require the case to be "originated" (i.e., begun), "with venue in Montgomery County." Like Chester County in Relm, there is no federal courthouse in Montgomery County. Accordingly, just like in Relm, the Plaintiff's suggestion that the forum selection clauses in the Roundstone and Greenfish RA's permit the Plaintiffs to "originate" a case in Montgomery County by filing the case in a federal courthouse in Philadelphia County "trifles with the language" of the contract. The word "originate" has no effect on this reasoning. Following Relm, the clear meaning of the phrase "originated .. in a [Pennsylvania Court] ... with venue in Montgomery County" means that the case must be begun in a courthouse physically located in Montgomery County, which it was not.

---

[1] While Judge Pollak did state that the clause "did not, on its face, mandate that suit be brought in state court," he found nevertheless that the clause required any lawsuit to be **brought in a courthouse that is physically located in Montgomery County**.

2

Plaintiffs' argument that the forum selection clause is not "mandatory" because after "origination," the case could theoretically be removed (although this particular case could not), is similarly incorrect. Even if the forum selection clauses in the RA's did not specify that the case must be brought in a courthouse located in Montgomery County (which they do), the dispositive consideration in a determination of whether a forum selection clause is "mandatory" is whether the clause contains the word "shall" (or something similar) followed by a specific locale. Frazetta v. Underwood Books, No. 08-0516, 2009 WL 959485, at *5 (M.D.Pa.). Thus, forum selection clauses that, unlike here, state that a case "shall" be brought initially in **either** state or federal court are considered "mandatory." Mato v. Window World, Inc., No. 10-7617, 2011 WL 710473, at *4 (E.D.Pa. Feb. 28, 2011) ("Because the clause before me contains no permissive language and states that North Carolina state court 'or the United States Federal Court for the Western District of North Carolina shall have jurisdiction' over disputes arising from the contract, it is proper to interpret the Agreement to contain a mandatory forum selection clause..."); Spitz v. Medco Health Solutions, Inc., No. 10-01159, 2010 WL 4615233 (D.N.J. Nov. 3, 2010) (forum selection clause stating that "venue shall be vested in the federal, state and local courts of the State of New Jersey" was mandatory).

At the end of the day, the forum selection clauses in the Greenfish RA's require (through the use of the word "shall") the Plaintiffs to "originate" (i.e. "begin") their cause of action in a courthouse physically located in Montgomery County (see Relm, supra), but the Plaintiffs originated their action in a courthouse located in Philadelphia County. This they could not do. This Court must enforce the forum selection clauses as written,

3

and dismiss the Complaint, so that the Plaintiffs can originate their case in a Courthouse physically located in Montgomery County.

## II.   PLAINTIFFS' ARGUMENT THAT THE FORUM SELECTION CLAUSES ARE INAPPLICABLE BECAUSE THE RA'S ARE "UNIMPORTANT" IS MERITLESS

Factually and legally, the Plaintiffs' assertions regarding the inapplicability of the forum selection clauses in the Greenfish RA's are meritless. Factually, the RA's erase all of the previous contracts, define conclusively the complete scope and nature of the relationships, and preclude the requested damages. Legally, settled Third Circuit law states that where, as here, the parties' relationship is exclusively contractual, the forum selection clauses must be enforced, even where a plaintiff attempts to craft a pleading to circumvent the contractual restrictions. All of which requires dismissal in this case.

Factually, although the Plaintiffs have expressly pled the existence of all of the Greenfish RA's, and use them as part of the factual predicate for all of their claims, the Plaintiffs now assert that the Greenfish RA's are of no importance to any claim in this case. This claim simply ignores the nature of Greenfish's relationship with IPI, and the legal import of the Greenfish RA's.

Plaintiffs' relationship with IPI is exclusively contractual. It is through the RA transactions that the Plaintiffs claim all of the fraud and misconduct. Greenfish entered into successful contracts for the purchase of Debt, and thereafter, entered into a series of "Master Purchase Agreements" ("MPA's") with IPI for the purchase of Debt as outlined in the Complaint. [Cpl., ¶ 57] Likewise, Roundstone entered into contracts with IPI to purchase Debt. [Cpl., ¶ 64 and 73] Greenfish then entered into the RA's, which are integrated documents that **supersede** all previous contracts, **disclaim** all previous representations, and provide a **defined limit** on any damages that can arise from the

4

relationship.[2]  [Cpl., Ex. "Q," Sec. 2.4 (ii) and (iii), 10.6 and 10.8]  The Greenfish RA's

define and control the scope of the **entire** relationship, and all of the wrongful conduct in

the complaint flows through the contractual RA'S; everything that occurred prior to the

execution of the RA's is superseded and irrelevant.

Further, Plaintiffs' argument that the forum selection clauses are "restricted" to

claims "arising under" the contract is simply false, because the Greenfish RA's do not

state that they are so limited. While the clauses do state that they relate to the "purchase

of the accounts hereunder," the plain language of that phrase is far broader than a forum

selection clause" limited to claims "arising under" a contract, and clearly includes tort

claims relating to the purchase of the Debt accounts. Further, the Debt accounts that

were purchased pursuant to the Greenfish RA's were the **same** Debt that was purchased

initially by Greenfish, and the **same** Debt for which Greenfish now seeks recovery

(despite such recovery being precluded by the Greenfish RA's). Hence, the Plaintiffs

characterize these agreements as "Repurchase" agreements – because they repurchase the

Debt that was previously acquired by Greenfish. Because the Complaint seeks recovery

for the very Debt that is the subject of the Greenfish RA's, all of this Debt (and the

Plaintiffs' damages arising therefrom) is covered by the Greenfish RA's.

The Plaintiffs fare no better when arguing the law. In setting forth the Plaintiffs'

RICO and other tort claims, it is obvious why the Plaintiffs wish to plead around the

Greenfish RA's, as they preclude the RICO and tort claims set forth by the Plaintiffs.

However, Pennsylvania law is clear that all of Greenfish's claims are covered

nevertheless by the forum selection clauses in the RA's. The relationship between the

parties in this case was created through a series of contracts, ending with the Greenfish

---

[2] Roundstone entered into similar integrated RA's, which do not appear to contain forum selection clauses.

430803-1

RA's that superseded all previous contracts, disclaimed all parol statements, and precluded damages. Thus, controlling Third Circuit precedent requires this Court to enforce the forum selection clause as to all claims. "[W]here the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of such a bargain." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir. 1983), cert. den., 464 U.S. 938 (1983). This is true regardless of whether the Plaintiffs have relied on the terms of the RA's to set forth their tort and RICO claims.

Moreover, while Plaintiffs argue desperately that the RA's are unimportant in the grand scheme of their Complaint, the very existence of the Greenfish RA's "implicate" their terms with respect to the Complaint. Where a Complaint "involve[s] allegations arising out of the agreement [which] implicate[] its terms," "pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." Crescent Intern., Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944-46 (3d Cir. 1988).[3]

In this case, the terms of the Greenfish RA's are "implicated," whether or not the Plaintiffs have attempted to plead around them. The Plaintiffs have based their breach of contract action, in part, on the RA's. Further, all previous agreements are superseded by the RA's, all parol statements made prior to the execution of the RA's are disclaimed, and all damages precluded. The integration clause in the RA's, alone, precludes all of Greenfish's claims in this case pursuant to the parol evidence rule. Yocca v. Pittsburgh

---

[3] Plaintiffs' reliance on Jiffy Lube Int'l v. Jiffy Lube, 848 F.Supp. 569 (E.D.Pa. 1994) is wholly misplaced. Quite simply, Jiffy Lube concerned a choice of law provision specifying Maryland law, not a forum selection clause. The policies articulated in Crescent and Coastal Steel were not implicated in Jiffy Lube, but are plainly implicated here, where the Court must determine rights under a forum selection clause.

6

430803-1

Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004) (parol evidence rule precludes

evidence of pre-contractual representations in an integrated contract). To even begin to

resolve the legal issues in this case, a Court must first resolve the threshold issue

(following resolution of the venue issue) of whether **all** alleged extracontractual

statements are precluded by the RA's pursuant to the parol evidence rule. Thus, the

RA's, and the limits on claims and damages contained therein, are not only "implicated,"

but they are central to any Court's consideration of this case. Under the language of the

RA's, such consideration can only take place in Montgomery County.

## III.    PLAINTIFFS' ATTEMPT TO DISTINGUISH THE PRITZKER CASE FAILS

As set forth in IPI's initial brief, in Pritzker v. Merrill Lynch, Pierce, Fenner &

Smith, Inc., 7 F.3d 1110 (3d Cir. 1993), the Third Circuit affirmed the settled principle

that "[u]nder traditional agency theory, [an agent] is subject to contractual provisions to

which [the principal] is bound ... Because a principal is bound under the terms of a valid

arbitration clause, its agents, employees, and representatives are also covered under the

terms of such agreements." Following Pritzker, the law is clear that agents of a principal

are bound by a forum selection clause to the same extent as a principal.

In response, the Plaintiffs fashion an argument out of whole cloth, which has

absolutely no basis in the text of the Third Circuit's holding in Pritzker. The Plaintiffs

argue that under Pritzker, an agent of a principal can only be bound by a forum selection

clause if (1) a breach of contract claim is brought against an agent for (2) a breach of a

contract with the principal. [Plaintiffs' Brief, p. 14]

Of course, this argument is not based on any language that appears in Pritzker,

and significantly, Pritzker did not even involve a breach of contract claim. To the

7

contrary, in Pritzker, the plaintiff fund sued the individual defendants, and the principal,
under a theory of breach of fiduciary duty, arising from the purchase of securities that
allegedly "lacked a secondary market." Even in the absence of a breach of contract
claim, the tort claims against the individual agent defendants were covered by the forum
selection clause in the contract with the principal. Pritzker stands for the proposition that
where the plaintiff enters into a contract with a principal, and agents perform actions in
furtherance of that contractual relationship, the agents are covered by any forum selection
clause in the contract to the same extent as the principal. That holding is directly
applicable here, regardless of whether the Plaintiff chooses to implicate the individual
agent Defendants in a breach of contract cause of action.

As set forth above, just because the Plaintiffs have attempted to plead around the
contracts does not mean the contracts do not exist. The relationship between Greenfish
and IPI is contractual, and all of the Greenfish Debt at issue in this case was purchased
and repurchased through a series of contracts culminating in the RA's. The individual
agent Defendants in this case are alleged to have acted through the contracting enterprise,
IPI, to commit their allegedly improper acts with respect to the purchase and repurchase
of Debt. Accordingly, all of the acts of the Defendants were pursuant to the contractual
relationship between Greenfish and IPI. Pritzker is crystal clear that in these
circumstances, the forum selection clauses in the RA's bind all agents of IPI.

## IV. ROUNDSTONE IS BOUND BY THE FORUM SELECTION CLAUSES, AND *FORUM NON CONVENIENS* MUST BE APPLIED

Finally, Plaintiffs' arguments respecting Roundstone are simply fatuous.
Roundstone and Greenfish joined together to set forth the same causes of action against
the same defendants, predicated upon the same conduct. The Complaint filed by the two

8

Plaintiffs references the Repurchase Agreements of both parties. All of the Repurchase
Agreements are integrated, and preclude any rights from previous contracts, making all
previous contracts irrelevant. In resolving the claims of all of the parties, the Court will
have to deal with the same issues of the parol evidence rule and the gist of the action
doctrine, which arise from the RA's of both Roundstone and Greenfish. Clearly,
Roundstone's counsel (which also represents Greenfish) was aware of the forum
selection clauses in the Greenfish RA's when the Complaint was filed, and knew that this
action should have been filed in Montgomery County. Quite simply, Roundstone and
Greenfish, by virtue of being **co-Plaintiffs, represented by the same counsel, making
the same claims, in the same litigation, against the same parties**, are "closely related"
sufficient to satisfy the test announced in Jordan v. SEI Corp., No. 96-1616, 1996 WL
296540 (E.D.Pa. June 4, 1996) and similar cases. Thus, Roundstone is bound by the
forum selection clauses to the same extent as Greenfish.

As to *forum non convieniens*, Plaintiffs' argue that the **Plaintiffs** will not be
inconvenienced by requiring Greenfish only, but not Roundstone, to litigate in
Montgomery County, because "there would be no overlap in discovery, pretrial motions
or trial between that action and the instant action." While it may be true that the
**Plaintiffs** would not be inconvenienced by the dismissal of only one party, the opposite is
true for both the **Defendants and the Court**, because one lawsuit would then become
two, resulting in two sets of discovery, two sets of motion practice, two sets of pretrial
orders, and so forth. While each Plaintiff would be able to focus on its own litigation,
each Defendant would have to litigate its case in two different fora; each Defendant
would have to take two depositions, and each motion on these baseless claims would

9

have to be filed twice on the same legal issues. Because two different courts would be deciding the same legal issues, there is the possibility of inconsistent results. The law is crystal clear that the considerations of prejudice in a forum non conveniens analysis relate to the Defendants and the Court, not to the Plaintiffs. [4] See Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 160 (3d Cir. 2010). Plainly, this Court should apply *forum non convieniens* because to do otherwise would create two lawsuits involving two courts, and double the burden on the Plaintiffs and the Court. In sum, there is no question that Greenfish must be dismissed. At the very least, this Court should stay this case to permit Roundstone to voluntarily join Greenfish in Montgomery County, or dismiss Roundstone outright to avoid two trials.

## V.    CONCLUSION

As set forth more fully in the main brief, Defendant, International Portfolio, Inc., respectfully requests that this Court grant its motion to dismiss, and grant such other relief as the Court deems appropriate.

Respectfully Submitted,

**SPECTOR GADON & ROSEN, P.C.**

By:    /s/ Paul R. Rosen, Esq./Andrew J. DeFalco, Esq.
Paul R. Rosen, Esquire
Andrew J. DeFalco, Esquire
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103
(215) 241-8888 (Main)/(215) 241-8844 (Fax)
Counsel for DefendantInternational Portfolio, Inc.

Date: January 27, 2012

---

[4] The Plaintiffs' also make a bold, unsubstantiated and baseless statement respecting "court congestion" in Montgomery County. There is no factual predicate for this statement, and IPI is not aware of any statement by the Montgomery County Courts that it is too congested to hear cases that belong before it. The Court should not give any weight to this *ipse dixit*.

430803-1

## CERTIFICATION OF SERVICE

I, Andrew J. DeFalco, Esquire, hereby certify that a true and correct copy of the

Motion to for Leave to File a Reply Brief Defendant International Portfolio, Inc. was

served upon the following via email notification from the Court and U.S. Mail on the date

set forth below:

**MARK S. HALTZMAN, ESQUIRE**
SILVERANG & DONAHOE, LLC
595 E. LANCASTER AVE, SUITE 203
ST. DAVIDS, PA 19087

**HENRY E. HOCKEIMER , JR.**
BALLARD SPAHR LLP
1735 MARKET ST 51ST FL
PHILADELPHIA, PA 19103
215-665-8500

**DSP HOLDINGS, INC. D/B/A DEBT SALES PARTNERS**
36 MUNROE FALLS AVE.
MUNROE FALLS, OH. 44262

**MICHAEL ZOLDAN**
36 MUNROE FALLS AVE.
MUNROE FALLS, OH. 44262

**JOSEPH C. CRAWFORD**
PEPPER HAMILTON LLP
3000 TWO LOGAN SQUARE
18TH & ARCH STREETS
PHILADELPHIA, PA 19103-2799

**MICHAEL L. KICHLINE**
DECHERT LLP
2929 ARCH ST.
PHILA, PA 19104

**JEFFREY B. MCCARRON**
SWARTZ CAMPBELL & DETWEILER
TWO LIBERTY PLACE, 28TH FLOOR
50 SOUTH 16TH STREET
PHILADELPHIA, PA 19102

By___Andrew J. DeFalco, Esq._____
       Andrew J. DeFalco, Esquire

Date:  January 27, 2012